IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JONATHAN WILLIAMS, #279734, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 2:15-cv-65-MHT |
| | ) | (WO) |
| STEVEN T. MARSHALL, | ) | |
| | ) | |
| Defendant | ) | |
| | | |
| JONATHAN WILLIAMS, #279734, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 2:16-cv-945-MHT |
| | ) | (WO) |
| STEVEN T. MARSHALL, | ) | |
| | ) | |
| Defendant. | ) | |

RECOMMENDATION OF THE MAGISTRATE JUDGE[1]

These cases constitute as-applied challenges to the constitutionality of the first

sentence of Ala. Code § 15-20A-16(a) which prohibits an adult sex offender from

having "contact, directly or indirectly, in person or through others, by phone, mail,

or electronic means, [with] any former victim."   Williams contends that this

prohibition deprives him of his right to contact and have a relationship with his son.

---

[1]These two cases involve common questions of law and fact.  On July 17, 2017, the court ordered
that they be consolidated with Case No. 2:15-cv-65 as the lead case.  (Doc. # 47)

Williams' son is now an adult and desires to have a relationship with his father. A brief recitation of the facts is necessary.

In 2011, Williams pled guilty to two counts of sodomy in the second degree in violation of Ala. Code § 13A-6-64(a).[2] (Doc. # 14-1) The victim was Williams' son who was 15 years old at the time. Williams was sentenced to five years probation. Subsequently, as explained by the Alabama Court of Criminal Appeals, Williams

> was convicted of violating two provisions of the Alabama Sex Offender Registration and Community Notification Act.[3] Specifically, Williams was convicted of knowingly coming within 100 feet of a former victim, a violation of § 15-20A-16(b), Ala. Code 1975, and failing to possess a driver's license indicating that he is a sex offender, a violation of § 15-20A-18, Ala. Code 1975. He was sentenced as a habitual felony offender to concurrent terms of ten years' imprisonment for each conviction and was ordered to pay court costs, a $1,000 fine, and a $500 assessment to the Victims' Compensation Fund. This appeal follows.
>
> The record reveals that Williams was required to register as a sex offender after pleading guilty to two counts of second-degree sodomy. The victim in each case was Williams's 15-year-old son. Anita Cordell, an employee of the Dale County Sheriff's Office, testified that it was her responsibility to handle the registration of all sex offenders in Dale

---

[2]Ala. Code § 13A-6-64(a) provides in relevant part that

> (a) A person commits the crime of sodomy in the second degree if:
>
>   (1) He, being 16 years old or older, engages in deviate sexual intercourse with another person less than 16 and more than 12 years old.

[3]Under ASORCNA, Ala. Code § 15-20A-5, every adult sex offender, regardless of when his crimes were committed or when his duty to register arose, must register specified personal information in each county that he intends to reside, work, or attend school. *See* §§ 15-20A-3, 15-20A-7, 15-20A-10.

County, including Williams. Cordell stated that she explained the various sex-offender registration requirements to Williams including the provision that he was not to knowingly come within 100 feet of a former victim. Cordell also testified that Williams was required to report to her office on a weekly basis. During one of those meetings, Cordell stated that Williams indicated that "he was trying to get back with his family, get back with them as a unit." (R. 13.) Since Williams was prohibited from coming within 100 feet of his son, Cordell contacted James Brazier, the assistant jail commander at the Houston County Sheriff's Office2, and asked him to go to Williams's family's home to make sure that Williams was not there.

Brazier testified that, on July 28, 2011, he went to the house where Williams's wife and family lived and observed Williams come out of the garage and then re-enter the house. Brazier stated that he knocked on the door and eventually spoke to Williams. According to Brazier, Williams admitted that his son was "in his room upstairs." (R. 25.) Brazier also testified that the son's room was approximately ten feet from where he and Williams were standing. Additionally, Brazier stated that the driver's license that he took from Williams's pocket did not bear the endorsement required by the sex offender registration law.

(Doc. # 14-3 at 1-2)

After Williams' conviction, the Alabama legislature in 2015 amended the statute to provide that an adult sex offender could petition a court to exclude the offender from the no victim contact. The amendment required the court to hold a hearing and issue the exclusion if the victim appears in court at the hearing, requests the exemption in writing and is over the age of 19. *See* Ala. Code § 15-20A-16(d).

Prior to the effective date of the amendment, the Alabama Attorney General filed a document in which he stated that in light of the statutory change the Attorney General

3

will not initiate any prosecution of Williams under the current no-contact rule in § 15-20A-16(a) prior to the new provision's effective date of September 1, 2015. This decision is made with the Legislature's amendment to § 15-20A-16 in mind, and also because undersigned counsel have specifically and independently verified Williams's allegation that his son desires contact from his father.

(Doc. # 20 at 3)

Neither Williams nor his son have chosen to avail themselves of the right to petition for exclusion.  On April 9, 2018, the court held a telephone conference with Williams and counsel for the defendants.  (Doc. # 56)  During that conference Williams informed the court that he was living in College Park, Georgia, living in a van until he could find a house.  Williams further stated that at the moment he had no intention to return to Alabama.

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994.  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States, *see Kokkonen*, 511 U.S. at 377 and are required to inquire into their jurisdiction at the earliest possible point in the proceeding.  *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir.  1999).  Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990).  Fed.R.Civ.P. 12(h)(3)

requires that [w]herever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction, the court shall dismiss the action.

When this case was filed, Williams was in prison and unable to receive visits from his son who at that time was a minor.  Things have changed.  Williams is no longer in prison; his son is an adult.  Williams no longer lives in Alabama with no present intention to return to the state.  These change in facts implicate the court's jurisdiction.

Specifically, the court concludes that Williams lacks standing to challenge the statutory prohibition.  "The standing doctrine, like the mootness doctrine, is an aspect of the 'case or controversy' requirement." *Sims v. Fla. Dep't of Highway Safety*, 862 F.2d 1449, 1464 (11th Cir.1989) (en banc). To establish standing, a plaintiff must satisfy three requirements: an injury in fact, causation, and redressability. *Tanner Adver. Group, L.L.C. v. Fayette County, Ga.*, 451 F.3d 777, 791 (11th Cir.2006). A plaintiff can maintain a pre-enforcement challenge to a law if he alleges either that "(1) he was threatened with prosecution; (2) prosecution is likely; or (3) there is a credible threat of prosecution." *Am. Civil Liberties Union v. The Fla. Bar*, 999 F.2d 1486, 1492 (11th Cir.1993).

Williams bases his challenge to the statute primarily on First Amendment grounds. In the context of a First Amendment claim like this—alleging that a criminal statute prohibiting conduct is unconstitutional—a plaintiff must show that,

as a result of his desired expression, (1) he was threatened with prosecution; (2) prosecution is likely; or (3) at least that there is a credible threat of prosecution. *Harrell v. The Florida Bar*, 608 F.3d 1241, 1260 (11th Cir.2010). Williams has made none of those showings. While it is true that he previously was prosecuted under a provision of the statute, that occurred when his son was a minor. The changed circumstances set out above convince the court that there presently is no likelihood of Williams being subject to prosecution under Ala. Code § 15-20A-16(a).

For the foregoing reasons, it is the RECOMMENDATION of the magistrate judge that this case be DISMISSED with prejudice for lack of jurisdiction.

It is further

ORDERED that on or before August 30, 2018, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and

shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of August, 2018.

/s/Charles S. Coody
_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE