IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JONATHAN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NOS. 2:15-CV-65-WKW |
| | ) | 2:16-CV-945-WKW |
| STEVEN T. MARSHALL, | ) | [WO] |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Alabama law generally bans adult sex offenders from having "contact" with their victims. Ala. Code § 15-20A-16(a). Plaintiff Jonathan Williams claims that ban violates the First Amendment, but the court dismissed these consolidated cases with prejudice for lack of standing. (Docs. # 57, 59, 60.) Williams asks the court to rescind final judgment and the order of dismissal. (Docs. # 61, 63.) These cases are, however, due to remain dismissed with prejudice.

### **I. BACKGROUND**

In 2011, Williams pleaded guilty to second-degree sodomy. His victim was his son, who was then fifteen. (Doc. # 14-1, at 4–10.) Williams later came within 100 feet of his son, so in 2012 he was convicted in state court of violating Alabama Code § 15-20A-16(b) and sentenced to ten years in prison. (Doc. # 14-3, at 1–2.)

In January 2015, Williams sued to challenge the constitutionality of § 15-

20A-16(a), which bans adult sex offenders from having "contact, directly or indirectly, in person or through others, by phone, mail, or electronic means, [with] any former victim." (Doc. # 1.) Williams claims the law deprives him of his right to contact and have a relationship with his son. His son, who is now an adult, also desires a relationship with his father. (Doc. # 1, at 1–3; *see* Doc. # 14, at 4.)

Soon after Williams sued, the Alabama legislature amended § 15-20A-16 to provide that an adult sex offender could petition a state court for an exclusion from the ban on contacting victims. *See* Ala. Code § 15-20A-16(d). And in July 2015, the Attorney General of Alabama told the court that he would not prosecute Williams before that amendment took effect in September 2015. (Doc. # 20, at 3.)

But in April 2018, Williams told the Magistrate Judge here that he was no longer incarcerated, lived in Georgia, had no present intent to return to Alabama, and had not petitioned for an exclusion from § 15-20A-16(a). (Doc. # 56.) Based on those facts, the Magistrate Judge filed a Recommendation on August 16, 2018, in which he concluded that Williams lacks standing to sue. (Doc. # 57.)

Objections to the Magistrate Judge's Recommendation were due by August 30. *See* 28 U.S.C. § 636(b). On September 24, having received no objections, the court adopted the Recommendation and dismissed these cases with prejudice. (Doc. # 59.) It entered Final Judgment the same day. (Doc. # 60.)

On October 25, however, Williams moved to rescind the September 24 order

and final judgment. (Doc. # 61.)[1] In his motion, Williams asserts that he did not receive the Recommendation until after the court adopted it. As a result, he "was never given a fair opportunity to file his objections" to the Recommendation. (Doc. # 61, at 2.) Because Williams's October 25 motion included no objections, the court did not rescind final judgment or any orders, but it gave Williams until November 12 to file objections. (Doc. # 62.) Now before the court is Williams's objection to the Magistrate Judge's Recommendation. (Doc. # 63.)

## II. DISCUSSION

Williams's objection argues that the Magistrate Judge ignored the fact that Williams brought a facial challenge to § 15-20A-16(a) under the First Amendment. (Doc. # 63.) Noting that facial challenges protect the First Amendment rights of third parties, Williams argues that "there is no requirement for Williams to show injury to himself." (Doc. # 63, at 3.) He thus seems to suggest that because he brought a facial challenge to the statute, he automatically has standing to sue.

After reviewing *de novo* the disputed portions of the Recommendation, 28 U.S.C. § 636(b), the court finds that Williams's objection is due to be overruled and that his motion to rescind final judgment and the order of dismissal is due to be denied. Though the Magistrate Judge did not specifically mention that Williams brought a facial challenge to the statute, that does not affect the Magistrate Judge's

---

[1] The court treats this motion as being filed under Federal Rule of Civil Procedure 60.

correct determination that Williams lacks standing to sue.

The Constitution "restricts the jurisdiction of the federal courts to litigants who have standing to sue." *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1279 (11th Cir. 2017) (citation omitted). "The irreducible constitutional minimum of standing contains three elements." *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1269 (11th Cir. 2006) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)) (brackets omitted). The three elements require plaintiffs to show that (1) they suffered an injury-in-fact; (2) the defendant caused that injury; and (3) it is likely that a favorable court decision will redress the injury. *Id.* This case turns on the injury-in-fact requirement, which demands "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Common Cause/Ga. v. Billups*, 554 F.3d 1340, 1350 (11th Cir. 2009) (quoting *Lujan*, 504 U.S. at 560).

Because it is a constitutional prerequisite for federal court jurisdiction, *Lujan*, 504 U.S. at 560, the injury-in-fact requirement must be satisfied even when a plaintiff challenges a statute before it is enforced. Of course, a pre-enforcement challenge does not require "that the plaintiff first expose himself to actual arrest or prosecution." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (citation and brackets omitted). But to have standing, the plaintiff must still show "a realistic danger of sustaining direct injury as a result of the statute's

4

operation or enforcement." *ACLU v. The Fla. Bar*, 999 F.2d 1486, 1492 (11th Cir. 1993) (quoting *Babbitt*, 442 U.S. at 298). That is, to bring a pre-enforcement suit, "a plaintiff must allege that either (1) he was threatened with prosecution; (2) prosecution is likely; or (3) there is a credible threat of prosecution." *Id.*; *see also, e.g.*, *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1252 (11th Cir. 2012). Whether a plaintiff meets these requirements is a separate question from whether that plaintiff has a valid claim on the merits. *See Common Cause/Ga.*, 554 F.3d at 1349 ("Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims.") (citation omitted).

Just as the injury-in-fact requirement applies to pre-enforcement claims, it also applies to claims that a statute is facially overbroad in violation of the First Amendment.[2] Although the First Amendment overbreadth doctrine lets a plaintiff champion the rights of third parties, "it still remains the law that plaintiffs must establish that they have suffered some injury." *CAMP*, 451 F.3d at 1272 (quoting *Bischoff v. Osceola Cty.*, 222 F.3d 874, 884 (11th Cir. 2000)). The Constitution itself requires standing, and the judge-made overbreadth doctrine cannot amend the Constitution. *Id.* at 1271. A plaintiff may therefore challenge a statute under the

---

[2] Under the First Amendment overbreadth doctrine, even if a statute "may be applied constitutionally to conduct in some cases," the statute is facially invalid if "its application would be unconstitutional in a substantial proportion of cases." *Agan v. Vaughn*, 119 F.3d 1538, 1542 (11th Cir. 1997). The doctrine allows a plaintiff to challenge a statute that "is constitutionally applied to the litigant but might be unconstitutionally applied to third parties not before the court." *CAMP*, 451 F.3d at 1270–71 (citation and emphasis omitted).

5

overbreadth doctrine only if the challenged provision affects the plaintiff. *Id.* at 1273. The plaintiff's conduct need not be constitutionally protected, but the plaintiff "must show that it has sustained or is immediately in danger of sustaining a direct injury as a result of" the law. *Id.* at 1274 (citation and brackets omitted).[3]

Williams has not shown that there is a realistic chance § 15-20A-16 will be enforced against him. He lives in Georgia. (Doc. # 56, at 1; *see* Doc. # 61, at 5; Doc. # 63, at 5.) There is no indication he intends to return to Alabama. In fact, he told the Magistrate Judge in April 2018 that he had no present intent to return. (Doc. # 56.) And though he was convicted before of violating § 15-20A-16, his son is now an adult, and the statute now permits exemptions. Williams has thus not satisfied his burden of establishing that he has constitutional standing to challenge § 15-20A-16.

### III. CONCLUSION

For these reasons, it is ORDERED that the Objection to the Magistrate Judge's Recommendation (Doc. # 63) is OVERRULED and that the Motion to Rescind Order and Final Judgment (Doc. # 61) is DENIED.

DONE this 4th day of December, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] *See also, e.g.*, *Benham v. City of Charlotte*, 635 F.3d 129, 135 (4th Cir. 2011); *Lopez v. Candaele*, 630 F.3d 775, 785–88 (9th Cir. 2010); *Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 349–51 (6th Cir. 2007); *Winsness v. Yocom*, 433 F.3d 727, 734 (10th Cir. 2006).